IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: _____

ELI LILLY AND COMPANY,

    Plaintiff,

v.

LAURA G. GRAZE, JENNIFER L. SEEGOTT, AND LAURA GRAZE DNP LLC, COLLECTIVELY D/B/A GRAZE ANATOMY & ASSOCIATES,

    Defendants.

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE ADVERTISING, AND UNFAIR COMPETITION**

Plaintiff Eli Lilly and Company ("Plaintiff" or "Lilly"), by and through its undersigned attorneys, files its complaint against Laura G. Graze, Jennifer L. Seegot, and Laura Graze DNP LLC, collectively doing business as Graze Anatomy & Associates ("Defendants") for injunctive and monetary relief. Plaintiff alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

**INTRODUCTION**

1. For more than 140 years, Lilly has worked tirelessly to develop and deliver trusted and innovative medicines that meet real patient needs.

2. One of Lilly's innovative medicines is Mounjaro®, the first and only GIP (glucose-dependent insulinotropic polypeptide) and GLP-1 (glucagon-like peptide-1) receptor agonist approved to treat adults with type 2 diabetes. The active ingredient in Mounjaro® is tirzepatide, a polypeptide analogue that activates the GIP and GLP-1 receptors, which are natural incretin

hormones involved in blood sugar control. The development of tirzepatide is an example of Lilly's commitment to innovation for people living with chronic diseases such as diabetes.

3. Mounjaro® is the only product containing tirzepatide that has been approved by the U.S. Food & Drug Administration (the "FDA"). Lilly is also the only company authorized to use the trademark Mounjaro® to identify its products containing tirzepatide. On their Facebook and Instagram pages, Defendants promote the sale of "Mounjaro." The drugs Defendants are selling are <u>not</u> Mounjaro®. They are compounded drug products that purport to contain tirzepatide and that are not approved by the FDA.

4. This is an action brought pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq., related state laws and the common law, arising out of Defendants' infringement of Plaintiff's rights in its Mounjaro® trademark and Defendants' acts of false advertising and unfair competition.

### Lilly's FDA-Approved Tirzepatide Medicine, Mounjaro®, and Registered Trademark

5. Lilly uses the trademark "Mounjaro" (the "trademark," or the "mark") to identify and promote an FDA-approved drug having the active ingredient tirzepatide that Lilly markets and sells in the United States.

6. Mounjaro® is indicated for adults with type 2 diabetes as an adjunct to diet and exercise to improve glycemic control in adults with type 2 diabetes mellitus.

7. Mounjaro® is a prescription-only medicine that should only be prescribed in direct consultation with, and under the supervision of, a licensed healthcare professional.

8. Mounjaro® has been extensively studied in clinical trials and is FDA-approved for the treatment of patients with type 2 diabetes mellitus.

9. Lilly does not sell Mounjaro®, its FDA-approved medicine containing tirzepatide, to Defendant, for resale or redistribution. Lilly does not sell or promote Mounjaro® for chronic weight management or weight loss.

10. Lilly first adopted and used the Mounjaro® mark at least as early as June 3, 2022, and has used the Mounjaro® mark continuously since that time. Lilly has extensively promoted, advertised, and marketed its prescription-only medicines bearing the Mounjaro® mark for the treatment of patients with type 2 diabetes mellitus in many different channels, directed both to physicians and other health care professionals and to consumers.

11. As a result of its use of the Mounjaro® mark, Lilly owns valuable common law and other rights in and to the Mounjaro® mark.

### Defendants' Trademark Infringement and False Advertising in Connection With Their Sale to Patients of Unapproved Compounded Drugs

12. Defendants market and sell to patients seeking to lose weight compounded drug products that purport to contain tirzepatide and that are not approved by the FDA ("Unapproved Compounded Drugs").

13. On information and belief, the Unapproved Compounded Drugs sold by Defendants are made by compounding pharmacies, which deliver them to Defendants for administration or dispensing to patients.

14. The FDA defines compounding as a "practice in which a licensed pharmacist, a licensed physician, or, in the case of an outsourcing facility, a person under the supervision of a licensed pharmacist, combines, mixes, or alters ingredients of a drug to create a medication tailored to the needs of an individual patient." *See* https://www.fda.gov/drugs/guidance-compliance-regulatory-information/human-drug-compounding.

15. According to the FDA, "[c]ompounded drugs are not FDA-approved. This means that FDA does not review these drugs to evaluate their safety, effectiveness, or quality before they reach patients."

16. The FDA has further stated that: "Compounded drugs . . . do not have the same safety, quality, and effectiveness assurances as approved drugs. Unnecessary use of compounded drugs unnecessarily exposes patients to potentially serious health risks. Because compounded drugs are not FDA-approved, FDA does not verify their safety, effectiveness or quality before they are marketed."[1]

17. Defendants use Lilly's Mounjaro® trademark to market and sell Unapproved Compounded Drugs purporting to contain "tirzepatide" that are not Mounjaro®. Defendants use Lilly's trademark to attract customers and generate revenues and profits, including by passing off as "Mounjaro" their own Unapproved Compounded Drugs purporting to contain tirzepatide and doing so for a use for which Mounjaro® is not approved, namely weight loss.

18. An example of Defendants' unauthorized use of Lilly's Mounjaro® trademark, on Defendants' Instagram page[2] is shown below:



---

[1] Compounding and the FDA: Questions and Answers, https://www.fda.gov/drugs/human-drug-compounding/compounding-and-fda-questions-and-answers.

[2] Found at https://www.instagram.com/graze_anatomy_/.

19. In this August 26, 2023 post, Defendants promote their Unapproved Compounded Drugs by suggesting one of their weight loss offerings is "Mounjaro."

20. Defendants' Facebook page[3] contains similar content, purporting to offer "Mounjaro®" injections as shown below:



---

[3] Found at https://www.facebook.com/grazeanatomyandassociates.

21.     Defendants' social media websites convey the unmistakable impression that Defendants are offering for sale injections of Lilly's Mounjaro® medicine. A May 7, 2023 post to Defendants' Instagram account, which follows, is a further example of this:



22.     Defendants first started using Lilly's Mounjaro® mark to advertise their Unapproved Compounded Drugs after Lilly's first use and registration of its Mounjaro® mark.

23.     Defendants also falsely advertise their Unapproved Compounded Drugs on their social media pages by making statements that imply that their Unapproved Compounded Drugs are FDA-approved. These statements are false or misleading as to Defendants' Unapproved Compounded Drugs and include statements such as the following: [4]

---

[4] Available at https://www.grazeanatomyandassociates.com/weight-loss-program.

> **Medications**
> If diet and exercise have not worked to achieve your weight loss goals there are FDA-approved "game changing" medication that has shown benefits of 15-20% average weight loss for most patients. Other benefits also include reducing cardiovascular risk factors, improving diabetes and preventing metabolic syndrome.

24. This statement also misleadingly implies that Defendants' Unapproved Compounded Drugs have been proven to achieve certain therapeutic outcomes that they have not been proven to achieve, such as resulting in average weight loss of 15-20% and "reducing cardiovascular risk factors, improving diabetes and preventing metabolic syndrome."

25. Defendants also falsely advertise their Unapproved Compounded Drugs by referring to them as "generic Mounjaro." In a video posted on TikTok on April 7, 2023, for example, Defendant Laura Graze states that Defendants "specialize in weight loss medications, including . . . generic Mounjaro." There is no such thing as a "generic" version of Mounjaro®, as the term "generic" is used in the pharmaceutical field.

26. Defendants continue to use the Mounjaro® mark, including in advertising and promotion on their social media websites, in order to deceive customers who, upon information and belief, are seeking to buy but are in fact not buying genuine and FDA-approved Mounjaro® medicine.

27. Defendants' prominent and misleading use of the Mounjaro® mark is likely to cause consumers to falsely believe that they are actually purchasing Mounjaro® medicine, that

Defendants are a source for Lilly's FDA-approved medicine, and/or that Defendants' services are provided, licensed, sponsored, authorized, or approved by Lilly.

28. Defendants' use of the Mounjaro® mark is without the permission, consent or authorization of Lilly. Defendants have no right to use, and Defendants know that they have no right to use, the Mounjaro® mark in connection with Defendants' Unapproved Compounded Drugs or otherwise.

29. Lilly has no control over the nature, quality or efficacy of the products sold by Defendants, including the Unapproved Compounded Drugs.

## THE PARTIES

30. Plaintiff Lilly is a corporation organized and existing under the laws of Indiana and has its principal place of business in Indiana.

31. Plaintiff promotes, offers, and sells Mounjaro® throughout the United States, including in this District.

32. Graze Anatomy & Associates is registered as a fictitious name entity in the state of Florida, with its registered address at 615 SW Saint Lucie Crescent, # 101, Stuart, FL 34994, in this District.

33. Defendant Laura G. Graze is one of the fictitious name owners and a principal of Graze Anatomy & Associates. Her registered address is 615 SW Saint Lucie Crescent, #101, Stuart, FL 34994, in this District.

34. Defendant Jennifer L. Seegott, is one of the fictitious name owners and a principal of Graze Anatomy & Associates. Her registered address is 615 SW Saint Lucie Crescent, #101, Stuart, FL 34994, in this District.

35. Defendant Laura Graze DNP LLC is one of the fictitious name owners. It is a Florida limited liability company with a principal address at 528 SE Osceola St. 1b, Stuart, FL 34994, in this District. Its registered agent address is 600 NE Bayberry Ln, Jensen Beach, FL 34957, in this District.

36. Defendants sell and promote Unapproved Compounded Drugs masquerading as Mounjaro® and/or use the Mounjaro® mark in their advertising and promotion of Unapproved Compounded Drugs that are not Mounjaro®.

## JURISDICTION AND VENUE

37. The Court has subject matter jurisdiction over the Lanham Act causes of action pleaded herein pursuant to 35 U.S.C. § 1121 and 28 U.S.C. § 1338(a). The Court has supplemental jurisdiction over the state and common law causes of action pleaded herein pursuant to 28 U.S.C. § 1338(b).

38. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants operate in this District and sell their Unapproved Compounded Drugs in this District, and otherwise conduct business in this District. Defendants are subject to personal jurisdiction in this District.

## LILLY'S MOUNJARO® TRADEMARK

39. Plaintiff Lilly is the owner of U.S. trademark registration number 6,809,369, issued on August 2, 2022, for the mark MOUNJARO for pharmaceutical preparations for the treatment of diabetes, in International Class 5. A true and correct copy of Plaintiff Lilly's registration for the Mounjaro® mark is attached hereto as **Exhibit A**.

40. The Mounjaro® trademark is inherently distinctive.

41. Lilly promotes and advertises its Mounjaro® medicine to consumers and to physicians and licensed healthcare professionals, among others, through various channels, including on the website www.mounjaro.com, in social media, in online advertisements, and on television.

42. As a result of Lilly's use, promotion, and advertising of the Mounjaro® trademark and medicine, the Mounjaro® mark is exclusively associated with Plaintiff, serves to identify genuine Lilly products, and is a valuable asset of Lilly.

### DEFENDANTS' INFRINGING USE OF THE MOUNJARO® MARK

43. Long after the filing date of Lilly's application to register the Mounjaro® trademark, after Lilly's first use of the Mounjaro® mark, and after Lilly secured federal registration for the Mounjaro® mark, Defendants started using the Mounjaro® mark in commercial advertising and promotion to promote their Unapproved Compounded Drugs in a false and misleading way. Examples of Defendants' trademark infringement and false advertising are shown above and are attached hereto as **Exhibit B**.

44. Describing Defendants' Unapproved Compounded Drugs as "Mounjaro" is a literally false statement because Defendants' drugs are not Mounjaro®.

45. Defendants' advertising and promotional materials are false and misleading, suggesting and/or stating an association with Plaintiff's FDA-approved Mounjaro® medicine, when no such association exists.

46. There is no need for Defendants to use the Mounjaro® trademark to advertise or promote their Unapproved Compounded Drugs purporting to contain tirzepatide, other than to trade upon the reputation of Plaintiff and to create confusion in the marketplace and/or mislead the public regarding the origin, identity or source of Defendants' Unapproved Compounded Drugs.

47. Defendants' unauthorized use of the Mounjaro® trademark is likely to cause confusion, to cause mistake, or to deceive, and infringes Plaintiff's established exclusive rights in the trademark.

48. Upon information and belief, unless enjoined by this Court, Defendants will continue to use the Mounjaro® mark and/or otherwise falsely advertise their products as associated with or being Mounjaro®, all in violation of Plaintiff's rights.

### FIRST CAUSE OF ACTION

**Trademark Infringement in Violation of 15 U.S.C. § 1114(1)**

49. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 48 of this Complaint as though fully set forth here.

50. The Mounjaro® mark is an inherently distinctive, strong, valid, and protectable trademark owned by Plaintiff.

51. Plaintiff's trademark registration for its Mounjaro® mark constitutes *prima facie* evidence of the validity of the mark, of Plaintiff's registration and ownership of the mark, and of Plaintiff's exclusive right to use the mark in commerce on or in connection with the goods identified in the registration.

52. By virtue of its prior use and registration, Plaintiff has priority over Defendants with respect to the use of the Mounjaro® mark for pharmaceutical preparations sold in the United States.

53. Defendants use the Mounjaro® mark in connection with the sale, advertising, and promotion of Unapproved Compounded Drugs purporting to contain tirzepatide, and uses the Mounjaro® mark to promote uses of tirzepatide for which Mounjaro® is not approved, namely weight loss.

54. Defendants' use in commerce of the Mounjaro® mark is likely to cause confusion, to cause mistake, or to deceive with respect to Plaintiff's identical mark.

55. The above-described acts of Defendants constitute infringement of a registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), entitling Plaintiff to relief.

56. Defendants have unfairly profited from their trademark infringement.

57. By reason of Defendants' acts of trademark infringement, Plaintiff has suffered damage to the goodwill associated with its Mounjaro® mark.

58. Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff, its federally-registered Mounjaro® trademark and the valuable goodwill associated with that trademark.

59. Defendants' acts of trademark infringement have irreparably harmed, and if not enjoined, will continue to irreparably harm the interests of the public in being free from confusion, mistake, and deception.

60. By reason of Defendants' acts, Plaintiff's remedies at law are not adequate to compensate for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

61. By reason of Defendants' willful acts of trademark infringement, Plaintiff is entitled to an increased award of Defendants' profits under 15 U.S.C. § 1117.

62. This is an exceptional case, making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### Trademark Infringement, Use of False Designations of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125(a)(1)(A)

63. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 48 of this Complaint as though fully set forth here.

64. Defendants use the Mounjaro® mark in commerce in connection with Defendants' goods and services and in commercial advertising and promotion of its goods and services.

65. Defendants use the Mounjaro® mark in commerce in a manner that is likely to cause confusion, or to cause mistake, or to deceive the relevant public into believing that Defendants' goods or services are authorized, sponsored, approved by, or otherwise affiliated with Plaintiff, with Plaintiff's genuine Mounjaro® medicine, and/or with the Mounjaro® mark.

66. The above-described acts of Defendants constitute infringement of the Mounjaro® mark and use of false designations of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), entitling Plaintiff to relief.

67. Defendants have unfairly profited from the actions alleged.

68. By reason of the above-described acts of Defendants, Plaintiff has suffered damage to the goodwill associated with the Mounjaro® trademark.

69. The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff, the Mounjaro® trademark, and the valuable goodwill associated with the trademark.

70. The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion, mistake, and deception.

71. By reason of Defendants' acts, Plaintiff's remedies at law are not adequate to compensate for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

72. Because the above-described acts of Defendants are willful, Plaintiff is entitled to an increased award of Defendants' profits under 15 U.S.C. § 1117.

73. This is an exceptional case, making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

### False and Misleading Advertising and Promotion
### in Violation of 15 U.S.C. § 1125(a)(1)(B)

74. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 48 of this Complaint as though fully set forth here.

75. Defendants' practices, as described in this Complaint, constitute unfair competition and false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

76. Defendants have violated the Lanham Act by using false or misleading descriptions of fact and false or misleading representations of fact in their commercial advertising or promotion that misrepresent the nature, characteristics, and/or qualities of Defendants' business practices and products, as set forth above.

77. As set forth above, Defendants make numerous false and/or misleading statements on their social media pages and on their website, including suggesting that they are offering for sale "Mounjaro" and/or "generic Mounjaro" and that the Unapproved Compounded Drugs they offer are "FDA-approved" medications that have "shown benefits of 15-20% average weight loss

for patients" and "[o]ther benefits include "reducing cardiovascular risk factors, improving diabetes and preventing metabolic syndrome."[5]

78. Defendants' statements falsely imply that Defendants' Unapproved Compounded Drugs are Mounjaro® and/or are FDA-approved, which they are not.

79. The above-described acts of Defendants, if not enjoined by this Court, are likely to deceive members of the general public.

80. The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff.

81. The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion, mistake, and deception.

82. By reason of Defendants' acts as alleged above, Plaintiff has suffered and will continue to suffer injuries, including injury to Plaintiff's business reputation. However, Plaintiff's remedies at law are not adequate to compensate for all the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief requiring Defendants to cease their false and misleading advertising and promotion and unfair competitive practices.

83. Because the above-described acts of Defendants are willful, Plaintiff is entitled to an increased award of Defendants' profits under 15 U.S.C. § 1117.

84. This is an exceptional case, making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

---

[5] *See* https://www.grazeanatomyandassociates.com/weight-loss-program.

## FOURTH CAUSE OF ACTION

### Florida Common Law Unfair Competition

85. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 48 of this Complaint as though fully set forth here.

86. The above-described acts of Defendants constitute common law unfair competition and trademark infringement in violation of Florida common law.

87. The above-described acts of Defendants unfairly and wrongfully exploit Plaintiff's trademark, goodwill and reputation.

88. By reason of the above-described acts of Defendants, Plaintiff has suffered damage to the goodwill associated with the Mounjaro® trademark.

89. The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and the Mounjaro® trademark.

90. The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion, mistake, and deception.

91. By reason of Defendants' acts, Plaintiff's remedies at law are not adequate to compensate for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief, in addition to monetary relief such as disgorgement of Defendants' profits, and corrective advertising costs.

## FIFTH CAUSE OF ACTION

### Violation of § 502.201, et seq., Florida Statutes

92. Plaintiff realleges and incorporates by reference each of the allegations contained in the paragraphs 1 through 48 of this Complaint as though fully set forth here.

93. The above-described acts of Defendants constitute unfair methods of competition, and/or unconscionable, deceptive, or unfair acts or practices in violation of the laws of the State of Florida, including Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), section 502.201, et seq., Florida Statutes.

94. FDUTPA is designed "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

95. The above-described acts of Defendants are made in the conduct of Defendants' business, trade or commerce.

96. The above-described acts of Defendants wrongfully exploit Plaintiff's trademark in a manner likely to deceive the public and mislead reasonable consumers.

97. The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and its Mounjaro® trademark.

98. The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion, mistake, and deception.

99. Members of the public are also likely to suffer injury from the above-described acts of Defendants by purchasing a drug that they believe to be Plaintiff's FDA-approved medicine, Mounjaro®, not an Unapproved Compounded Drug that does not have the same safety, quality, and effectiveness assurances as FDA-approved drugs.

100. By reason of the above-described acts of Defendants, Plaintiff has suffered damage to the goodwill associated with its trademark.

101. Defendants have unfairly profited from the actions alleged.

102. By reason of Defendants' acts, Plaintiff's remedy at law is not adequate to compensate for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to entry of preliminary and permanent injunctive relief, in addition to monetary relief such as disgorgement of Defendants' profits, and corrective advertising costs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That the Court enter a judgment against Defendants that Defendants have:

    a. Infringed the rights of Plaintiff in its federally-registered Mounjaro® mark, in violation of 15 U.S.C. § 1114(1);

    b. Infringed the rights of Plaintiff in the Mounjaro® mark and engaged in unfair competition, in violation of 15 U.S.C. § 1125(a);

    c. Engaged in false and misleading advertising and promotion, in violation of 15 U.S.C. § 1125(a);

    d. Engaged in unfair competition and trademark infringement under the common law of Florida and the Florida Deceptive and Unfair Trade Practices Act.

2. That each of the above acts was willful.

3. That the Court preliminarily and permanently enjoin and restrain Defendants and their agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

    a. Using the trademark Mounjaro® or any mark confusingly similar to it, in connection with the advertising, promoting, marketing, selling or offering for sale of any goods or services (including, but not limited to,

    Unapproved Compounded Drugs) or otherwise engaging in any activity that is likely to cause confusion, cause mistake or deceive or otherwise infringes any rights of Plaintiff in and to the Mounjaro® mark or any similar mark;

  b. Falsely stating or suggesting that Defendants' Unapproved Compounded Drugs are genuine Mounjaro®, that Defendants are associated or connected in any way with Plaintiff or its products, or that Defendants' Unapproved Compounded Drugs are approved by the FDA, have been the subject of clinical studies, or achieve certain therapeutic outcomes;

  c. Engaging in any unfair competition with Plaintiff; and

  d. Engaging in any deceptive acts.

4. Requiring Defendants, their agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, to engage in corrective advertising by informing consumers that Defendants are not and never hasve been authorized by, affiliated with, sponsored by, approved by, or related to Plaintiff or genuine Mounjaro® medicine, that Defendants' product is not "Mounjaro," and that Defendants' Unapproved Compounded Drugs are not and have never been genuine Mounjaro® products or approved by the FDA.

5. That Plaintiff be awarded monetary relief, in the form of an award of Defendants' profits, for Defendants' trademark infringement, false advertising and unfair competition, and that this monetary relief be increased due to Defendants' willfulness, in accordance with the provisions of 15 U.S.C. § 1117 and any applicable state laws.

19

6. That Defendants be ordered to account for and disgorge to Plaintiff all amounts by which Defendants have been unjustly enriched by reason of Defendants' unlawful actions.

7. That Plaintiff be awarded punitive damages by reason of Defendants' willful unlawful actions.

8. For pre-judgment and post-judgment interest on all damages.

9. That the Court award Plaintiff its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, the Florida Deceptive and Unfair Trade Practices Act, and any other applicable provision of law.

10. That the Court award Plaintiff the costs of suit incurred herein.

11. For such other or further relief as the Court may deem just and proper.


Dated: September 19, 2023                     Respectfully submitted,

                KING & SPALDING LLP


                *s/ Brian P. Miller*
                Brian P. Miller
                Florida Bar No. 0980633
                bmiller@kslaw.com
                Southeast Financial Center
                200 S Biscayne Boulevard
                Suite 4700
                Miami FL 33131
                Telephone: (305) 462-6000
                Facsimile: (305) 462-6100

                **Attorneys for Plaintiff**
                **Eli Lilly and Company**